IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTHA JANE HESTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-0609-F ) |
| JCPENNEY CO. INC., et al., | ) ) |
| Defendants. | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW the defendant in this case, JCPenney Co., Inc.(JCPenney), and submits its Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446 requesting removal of case number CV-05-1306 from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for its Notice of Removal, JCPenney states as follows:

**I.   GROUNDS FOR REMOVAL**

1. This is a premises liability case. On or about June 24, 2003, the plaintiff, Martha Jane Hester, filed this lawsuit against JCPenney in the Circuit Court of Montgomery County, Alabama. A true and correct copy of the entire file maintained by the Circuit Court Clerk of Montgomery County, Alabama is attached hereto as Exhibit "A."

2. JCPenney was served with a copy of the Summons and Complaint via certified mail at its principal place of business in Plano, Texas on May 27, 2005.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) within thirty (30) days after the initial receipt by JCPenney, through service or otherwise, of any filed pleading in this action.

## II. JURISDICTION

4. This Court has original jurisdiction over this case under 28 U.S.C. §1332 and this case is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b) because the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and this controversy exists between citizens of different states, as set forth more fully below. JCPenney is not a citizen or resident of the State of Alabama.

## III. DIVERSITY OF CITIZENSHIP

5. JCPenney was at the time of the filing of the plaintiff's Complaint, and is now, a retail company organized and existing under the laws of the State of Delaware with its principal place of business in Plano, Texas at all times relevant to this lawsuit. Therefore, JCPenney is a corporate citizen and resident of the states of Delaware and Texas.

6. The plaintiff is an individual resident and citizen of the State of Alabama at all times relevant to this lawsuit. (See paragraph 1 of plaintiff's Complaint, Exhibit "A").

7. Although the plaintiff identifies various fictitious defendants in its Complaint who allegedly caused or contributed to the alleged wrong doing in this case, the citizenship of fictitious defendants shall be disregarded for purposes of removal. 28 U.S.C. §1441(a); see also *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d. 1255 n1 (M.D. Ala. 2001). Therefore, complete diversity of citizenship exits in this case between the plaintiff and JCPenney.

## IV. AMOUNT IN CONTROVERSY

8. Based on a fair reading of her Complaint, the plaintiff fails to include a specific monetary demand to be awarded in this case. Nevertheless, it is apparent from the face of the plaintiff's Complaint that the amount in controversy exceeds $75,000.00 insofar as the plaintiff's

<mark>Case 2:05-cv-00609-WKW-DRB    Document 2    Filed 06/27/2005    Page 3 of 6</mark>

Complaint demands compensatory and punitive damages. See *Williams v. Best Buy, Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001) (stating that "when the complaint does not claim any specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement"); *Holley v. Equip. Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987) (stating that "when determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered").

9. In this case, the plaintiff asserts premises liability claims against JCPenney. Specifically, the plaintiff claims she suffered injuries while she was an invitee on the premises owned or operated by JCPenney on or around June 24, 2003. (See paragraphs 3-4 of plaintiff's Complaint, Exhibit "A"). The plaintiff claims she suffered personal injury, incurred medical expenses, sustained lost earnings, suffered physical pain and suffered mental anguish. (See Plaintiff's Complaint, Exhibit "A").

10. In an effort to recover damages for her alleged injury, the plaintiff asserts negligence and wantonness claims against JCPenney. The plaintiff claims that JCPenney allowed a dangerous condition to exist on its premises and allowed the allegedly dangerous condition to remain without proper warning to the plaintiff.

11. In addition to claiming punitive damages, the plaintiff's conduct in this case also indicates that the amount in controversy is in excess of $75,000.00. First, plaintiff's counsel has made a settlement demand in this case of $125,000.00 (Letter of October 4, 2004 from Plaintiff's Counsel, attached hereto as Exhibit "B"). Moreover, after receiving notice of this action, counsel for JCPenney asked plaintiff's counsel and the plaintiff to sign an affidavit indicating that the amount in controversy was less than $75,000.00. (See letter to plaintiff's counsel of June 10, 2005 and

3

affidavit for plaintiff's signature, attached hereto as Exhibits "C" and "D"). Plaintiff's counsel and plaintiff refused to sign the affidavit, thereby providing irrefutable evidence that they are seeking in excess of $75,000.00 in this matter.

12.  Additionally, the Eleventh Circuit has held that, where the plaintiff seeks and unspecified amount of damages, the defendant must only show that the "amount of controversy more likely than not exceeds the jurisdictional requirement." *Tapscott v. MS Dealer Corp.*, 77 F. 3d 1353 (11th Cir. 1996), *overruled on other grounds*; *Cowen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000). Since the plaintiff asserts negligence and wantonness claims seeking recovery of compensatory and punitive damage, it is more likely than not that a jury will return a verdict in excess of $75,000.00, even though JCPenney denies that the plaintiff has suffered any damages. Alabama juries have routinely rendered verdicts in excess of the jurisdictional minimum in premises liability cases alleging wantonness and seeking recovery of punitive damages. According to the *Alabama Jury Verdict Reporter*, the average plaintiff's verdict for all slip and fall cases tried in Alabama in 2002 and 2003 was $77,277.00. For example, in *Harrell v. Food Fair*, CV-99-2247 (Circuit Court of Jefferson County, Alabama), a Jefferson County jury returned a $175,000.00 verdict in favor of the plaintiff in a slip and fall case where the plaintiff underwent a disckectomy after falling on some packets of Equal that were on the floor. In this case, the plaintiff seeks recovery of damages for personal injury, medical expenses, lost earnings, pain and suffering and mental anguish. Additionally, the plaintiff seeks recovery of punitive damages.

## V.  **CONCLUSION**

13.  As set forth more fully above, this Court has jurisdiction over this case under the

4

provisions of 28 U.S.C. §1332 because this case involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00. Therefore, this action is removable pursuant to 28 U.S.C. §§1332 and 1441.

14. Additionally, written notice of the filing of this Notice of Removal has been given to all parties and a copy has been filed with the Clerk of the Circuit Court of Montgomery County, Alabama in accordance with the provisions of 28 U.S.C. §1446(d). Further, the proper filing fee has been tendered to the Clerk of the United States District Court for the Middle District of Alabama, Northern Division.

15. Therefore, JCPenney respectfully requests this Court to remove this case from the Circuit Court of Montgomery County, Alabama to this Court.

**WHEREFORE, PREMISES CONSIDERED,** JCPenney Company, Inc. respectfully requests this Court to remove this case from the Circuit Court of Montgomery County, Alabama to this Court.

Respectfully Submitted,

_____
J. Michael Bowling (BOW 046)
Attorney for JCPenney Co., Inc.

**OF COUNSEL:**
Friedman, Leak & Bloom, P.C.
3800 Colonnade Parkway, Suite 650
Birmingham, AL  35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

## CERTIFICATE OF SERVICE

    I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties by placing copies thereof in. the United States Mail, first class postage prepaid and properly addressed, on this the ____27th____ day of ____June____, 2005.

J. McGowin Williamson  
Williamson & Williamson  
Post Office Box 467  
Greenville, Alabama 36037

_____  
OF COUNSEL