IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTHA JANE HESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:2:05-cv-00609-DRB |
| | ) |
| JCPENNEY CO. INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER ON BEHALF OF JCPENNEY CORPORATION, INC.

COMES NOW, the defendant in the above styled case, JCPenney Corporation, Inc. (hereinafter "JCPenney"), and for answer to the Complaint, and each count and paragraph in it, separately and severally, sets forth and says as follows:

### FIRST DEFENSE

JCPenney is not guilty of the allegations of wrongdoing set forth on behalf of the plaintiff in the Complaint.

### SECOND DEFENSE

There is no proximate cause between any action or inaction on the part of this defendant in the injuries and damages alleged on behalf of the plaintiff.

### THIRD DEFENSE

The plaintiff assumed the risk of any injuries and/or damages as alleged in the Complaint.

### FOURTH DEFENSE

The plaintiff was contributorily negligent and therefore is barred under Alabama law from making any recovery against this defendant.

**FIFTH DEFENSE**

Defendant JCPenney pleads the general issue.

**SIXTH DEFENSE**

That the defendant denies that the plaintiff is injured and damaged to the extent claimed in the Complaint and demands strict proof thereof.

**SEVENTH DEFENSE**

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States. Based upon Alabama procedures relative to damages for mental anguish and emotional distress, which provide no objective, logical or reasonable standards or criteria which govern the award and the amount of the award of such damages, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution, separately and severally.

**EIGHTH DEFENSE**

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

**NINTH DEFENSE**

Although the defendant reserves its right to amend this Answer to assert such other defenses, affirmative or otherwise, pursuant to the Federal Rules of Civil Procedure and the Rules of this Court, Defendant J. C. Penney asserts the following affirmative defenses as required under Rule 8(c),

of the Federal Rules of Civil Procedure to include; statute of limitations, contributory negligence, release, res judicata, payment, waiver, and collateral estoppel.

## TENTH DEFENSE

JCPenney denies each and every material allegation made on behalf of the plaintiff in this case and particularly those allegations that JCPenney negligently or wantonly failed to construct, maintain, or service the escalator in question or that it was negligent or wanton in failing to warn or provide notice to the plaintiff of an alleged unsafe condition.

## ELEVENTH DEFENSE

JCPenney denies the plaintiff has any right under Alabama law, the Constitution of the State of Alabama, and the United States Constitution to claim punitive damages against this defendant under the facts of this case.

## TWELFTH DEFENSE

Alabama's law on joint and several liability and any award of punitive damages would be unconstitutional and would violate the rights of this defendant to due process, equal protection and other constitutional rights due to the fact that through joint and several liability exemplary damages may be awarded against multiple defendants without consideration of the extent or participation of a particular defendant in alleged joint wrongdoing with a net result being that various defendants may be lumped together in a joint verdict without regard for the degree of culpability of individual defendants.

## THIRTEENTH DEFENSE

Any imposition of punitive damages in this case would contravene the Due Process clauses of the United States Constitution and the Constitution of the State of Alabama on the following grounds:

- a. The procedures through which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant;

- b. The procedures through which punitive damages are awarded in Alabama are unconstitutionally vague;

- c. The procedures through which punitive damages are awarded fail to provide specific standards for the assessment of punitive damages;

- d. The procedures through which punitive damages are awarded in Alabama fail to provide specific standards for the amount of punitive damages;

- e. The procedures through which punitive damages are awarded in Alabama fails to provide a clear appellate standard of review;

- f. Any award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law;

- g. JCPenney denies that it is guilty of conduct referable to which punitive damages could or should be award and denies that the plaintiff has produced, or even alleged, clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this defendant.

## FOURTEENTH DEFENSE

Defendant JCPenney contests the damages alleged by the plaintiff and demands strict proof thereof. Specifically, with regard to the claim for punitive damages, JCPenney pleads that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama and the Constitution of the United States of America, as follows:

    a.    <u>Due Process Clause Fourteenth Amendment to the United States Constitution</u>: Punitive damages are vague and not rationally related to legitimate governmental interests.

    b.    <u>Sixth Amendment to the United States Constitution</u>: Punitive damages are penal in nature, and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

    c.    <u>Self-incrimination Clause of the Fifth Amendment to the United States Constitution</u>: It is violative to impose punitive damages against defendants which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

    d.    <u>United States Constitution and Constitution of the State of Alabama</u>: It is violative of the rights guaranteed to impose punitive damages against defendants which are penal in nature by placing a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof in criminal cases.

**FIFTEENTH DEFENSE**

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States. Based upon Alabama procedures relative to damages for mental anguish and emotional distress, which provide no objective, logical or reasonable standards or criteria which govern the award and the amount of the award of such damages, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution, separately and severally.

**SIXTEENTH DEFENSE**

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

5

NOW, THEREFORE, having set forth the foregoing general and affirmative defenses to the Complaint filed on behalf of the plaintiff, in response to the individually numbered count and paragraphs of the Complaint, Defendant JCPenney sets forth and says as follows:

## COMPLAINT

1. This paragraph does not require a response from this defendant.

2. Admitted.

3. This paragraph does not require a response from this defendant.

4. Denied.

## COUNT ONE

5. This paragraph does not require a response from this defendant.

6. Denied.

## COUNT TWO

7. This paragraph does not require a response from this defendant.

8. Denied.

                                                               s/ J. Michael Bowling
                                                               Attorney for JC Penney Corporation, Inc.

OF COUNSEL:
FRIEDMAN, LEAK & BLOOM
P. O. Box 43219
Birmingham, AL 35243-3219
Phone: (205) 278-7000
Fax: (205) 278-7001

**CERTIFICATE OF SERVICE**

  I hereby certify that I have caused the foregoing pleading to be mailed to all counsel of record, via United States Mail, on this the 29th day of June, 2005.

J. McGowin Williamson
Williamson & Williamson
Post Office Box 467
Greenville, Alabama 36037

                s/ J. Michael Bowling
                Of Counsel